## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT PIERCE DIVISION

MARK JAMES ROGOLINO JR.,

     Plaintiff,

-vs-                                 CASE NO.

TRANS UNION LLC and VERIZON
WIRELESS SERVICES, LLC,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, MARK JAMES ROGOLINO JR. (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, TRANS UNION LLC (hereinafter "Trans Union") and VERIZON WIRELESS SERVICES, LLC (hereinafter "Verizon") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.    Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC

1

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

2

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of St. Lucie County, Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

13.     Verizon is a corporation with its principal place of business in the State of New Jersey and is authorized to do business in the State of Florida through its

registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.     Verizon is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

15.     Verizon furnished information about Plaintiff to Trans Union that was inaccurate.

## FACTUAL ALLEGATIONS

16.     Plaintiff is alleged to owe a debt to Verizon, partial account number 4265145660*, as to a telecommunications/cellular account (hereinafter "Verizon Account"). Plaintiff does not have an account with Verizon and never applied or gave permission to anyone to apply using his information for the Verizon Account.

17.     In or about June 2023, Plaintiff received a notice of collection from non-party, McCarthy, Burgess & Wolff, seeking to collect an alleged debt of over $5,720 on behalf of original creditor, Verizon.

18.     Shortly thereafter, Plaintiff contacted McCarthy, Burgess & Wolff to dispute the alleged debt.

19.     On or about June 7, 2023, Plaintiff received a debt validation from McCarthy, Burgess & Wolff which stated the Verizon Account was opened in November 2022 for a "Mark Rogolino" with an address located in Milton, Florida.

20.     Plaintiff has never lived in Milton, Florida, and at that time, Plaintiff resided in Plattsburgh, New York.

21.     In or about August 2023, Plaintiff reviewed his Trans Union credit report and observed the erroneous Verizon Account.

22.     Thereafter, Plaintiff contacted Verizon and advised the Verizon Account did not belong to him. Plaintiff attempted to obtain more information regarding the Verizon Account, but the representative would not provide anything to Plaintiff because he was unable to verify the PIN on the Verizon Account because it did not belong to him.

23.     At that time, Verizon opened a fraud investigation. However, Plaintiff later received a response from Verizon stating that Verizon determined the Verizon Account was valid and belonged to Plaintiff.

24.     Plaintiff also contacted Trans Union and disputed the erroneous Verizon Account appearing in his credit file which did not belong to him.

25.     Plaintiff did not receive dispute results from Trans Union. However, upon review of his updated Trans Union credit report, Plaintiff observed the Verizon Account continued to be reported with a comment which stated, "Account information disputed by consumer (FCRA)".

26.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

27.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

28.     Upon information and belief, Trans Union notified Verizon of Plaintiff's dispute. However, Verizon failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

29.     On or about June 17, 2024, Plaintiff had a statement added to his credit file regarding the erroneous reporting and possible mixed file.

| Consumer Statement | DO NOT CONFUSE MY CREDIT FILE WITH PEOPLE OF SIMILAR NAME, ADDRESS OR SSN. VERIFY ALL IDENTIFYING INFORMATION. |
| --- | --- |

30.     On or about June 25, 2024, Plaintiff obtained a copy of his Trans Union credit report, and upon review, Plaintiff observed the Verizon Account continued to be reported with a status of Collection, an open date of November 1, 2022, and a balance of $4,847.

31.     On or about July 15, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 174950887. In this report, he explained that he was a victim of identity theft or mixed file and that the Verizon Account had been opened under his name and was listed in his credit report.

32.     Due to the inaccurate report, on or about July 15, 2024, Plaintiff mailed a detailed dispute letter to Trans Union. In the letter, Plaintiff explained he was a victim of a mixed file or identity theft and that the Verizon Account did not belong to him. To confirm his identity, copies of his driver's license and Social Security card were included in the letter. Further, Plaintiff provided images of the erroneous reporting, images of several documents as proof of his residency in New York in November 2022, images of his filed FTC Identity Theft Report, and other supporting documents.

33.     Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Trans Union, tracking number 9407 1112 0620 4268 7101 77.

34.     On or about July 24, 2024, Plaintiff received dispute results from Trans Union which stated the Verizon Account was deleted.

35.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.   Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.   Loss of time attempting to cure the errors;

iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions; and

iv.   Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Trans Union LLC (Negligent)**

36.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully stated herein.

37.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

38.    Trans Union allowed a Furnisher to report an erroneous account to Plaintiff's credit file.

39.     Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

40.     Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

41.     Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

42.     As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

43.     The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

44.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MARK JAMES ROGOLINO JR., respectfully requests that this Court award actual damages against Defendant, TRANS UNION

LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

<div align="center">

**COUNT II**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Willful)**

</div>

45.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully stated herein.

46.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

47.     Trans Union allowed a Furnisher to report an erroneous account to Plaintiff's credit file.

48.     Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

49.     Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

50.     Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

51.     As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

52.     The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

53.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MARK JAMES ROGOLINO JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT III**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Negligent)**

54.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully stated herein.

55.     After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

56.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Verizon.

57.     Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of a mixed file or identity theft. Trans Union ignored

this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

58.     As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

59.     The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

60.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, MARK JAMES ROGOLINO JR., respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT IV**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Willful)**

61.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully stated herein.

62.     After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

63.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Verizon.

64.     Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of a mixed file or identity theft. Trans Union ignored

14

this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

65.     As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

66.     The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

67.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, MARK JAMES ROGOLINO JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Verizon Wireless Services, LLC (Negligent)

68.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully stated herein.

69.     Verizon furnished inaccurate account information to Trans Union and through those CRAs to all of Plaintiff's potential lenders.

70.     After receiving Plaintiff's disputes, Verizon violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

71.     Plaintiff provided all the relevant information and documents necessary for Verizon to have identified that the account was erroneous.

72.     Verizon did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Verizon by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures

which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

73.     Verizon violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

74.     As a direct result of this conduct, action, and/or inaction of Verizon, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

75.     The conduct, action, and inaction of Verizon was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

76.     Plaintiff is entitled to recover costs and attorney's fees from Verizon in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MARK JAMES ROGOLINO JR., respectfully requests that this Court award actual damages against Defendant, VERIZON

WIRELESS SERVICES, LLC; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

<div align="center">

**COUNT VI**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, Verizon Wireless Services, LLC (Willful)**

</div>

77.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully stated herein.

78.     Verizon furnished inaccurate account information to Trans Union and through those CRAs to all of Plaintiff's potential lenders.

79.     After receiving Plaintiff's disputes, Verizon violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

80.     Plaintiff provided all the relevant information and documents necessary for Verizon to have identified that the account was erroneous.

81.     Verizon did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Verizon by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

82.     Verizon violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

83.     As a direct result of this conduct, action, and/or inaction of Verizon, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

84.    The conduct, action, and inaction of Verizon was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

85.    Plaintiff is entitled to recover costs and attorney's fees from Verizon in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MARK JAMES ROGOLINO JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, VERIZON WIRELESS SERVICES, LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MARK JAMES ROGOLINO JR., respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, TRANS UNION LLC and VERIZON WIRELESS SERVICES, LLC, jointly and severally; attorneys' fees and costs;

20

prejudgment and post-judgment interest at the judgment rate; and such other relief

the Court deems just and proper.

DATED this 28th day of July 2024.

<div style="margin-left: 3em">

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorney for Plaintiff*

</div>